FILED ___ LODG.
X RECEIVED ___ COPY

JUN 2 1 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

AO 241 (Rev. 09/17)

**CV21-01075-PHX-DLR--CDB**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Cory A. Singleton | Docket or Case No.: CR 2018-001983-001 |
|---|---|

| Place of Confinement: Arizona State prison complex Yuma, Cheyenne unit P.O Box 8909 San Luis, AZ 85349 | Prisoner No.: 082553 |
|---|---|

Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)

v.

Cory A. Singleton

The Attorney General of the State of: Arizona Maricopa County

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Clerk of the Superior court Maricopa County
   201 W. Jefferson
   Phoenix, AZ 85003

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know): 10-23-18

   (b) Date of sentencing: 1-10-19

3. Length of sentence: 10 yrs.

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   possession of dangerous drugs.
   possession of drug Paraphernala.

6. (a) What was your plea? (Check one)

   ☒ (1)   Not guilty          ☐   (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty              ☐   (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Court of Appeals State of Arizona_

(b) Docket or case number (if you know): _No 1CA-CR 19-0061_

(c) Result: _Denied_

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: _I claimed that the Superior court decision allowing them to waive My Sixth Amendment right to self representation was error and the State law library resources to which I had access were so insufficient as to deprive Me My ability to Assist My own defense._

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    □ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    □ Yes    ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

□ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ⊠ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes　　☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:　　☐ Yes　　☒ No

(2) Second petition:　☐ Yes　　☒ No

(3) Third petition:　　☐ Yes　　☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

My time Frame ran out.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:　　4th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The officer Wiegler placed the knife inside the blue bag to circumvent the defendent 4th Amendment to un-lawfully search the bag violating my right to privacy before. I was arrested. (See police report Exhibit A) officer wiegler nor officer Perkins testified at trail.

(b) If you did not exhaust your state remedies on Ground One, explain why: officer weigler. Nor Perkins testified at trail. I sent in a Motion to the court to Adject to Strike Andres Brief and asked For a Con-flict Free Counsel. My trail attorney and my Direct Appeal Attorney worked out of the same office. I know they wouldn't bring up any issues. By time I got a answer on that Motion My time ran out.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *My time ran out.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*The petitioner did not know how to raise issue. Do to officer Weigler and Perkins testied at trail. This is the issue My trail and My Direct Appeal atturney share of raised.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *None*

**GROUND TWO:** *Prejured testimony*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Comparing the Police report (Exhibit B) prove officer Mc Neal prejured his Evidentiary hearing testimony on 8-31-2018 (see transcripts exhibit C) officer said he saw a second Knife. Comparing officer Mc Neal police report Mc Neal statement Conflict officer Wiegler who stated he took the Knife off (Unknown) and Placed the Knife in the blue bag. and not the way Knife was alleged to have been discovered. There was only one Knife into Evidence.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: *The petitioner did Not Know how to raise issue. Do to officer weigler Not Perkins testified at trial*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *Issue ran out.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☑ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The petitioner did not know how to raise issue.
Do to offices weigled not Perkins testied at trial.
This is the issue aly trail und Direct Appeal
attorney Shewid ve raised.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Malicous sentenced

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Sinlieter has only one prior that can be used under the law. This is an Enurous Error that his trail as well as his Direct Appeal attorney should have addressed. The prosecter stated in the recird. the Court would only use one prir against me Exlibit O

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Amended Petition For Post Conviction relief*

Name and location of the court where the motion or petition was filed: *Clerk of the Superier Court Maricopa County 201 W. Jefferson Phx AZ 85003*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☐ Yes      ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Clerk of Superior Court Maricopa County 201 W. Jefferson Phx AZ 85003*

Docket or case number (if you know): *CC 2018-001983-001*

Date of the court's decision: *Don't Know last Court decision*

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Petition For Review due to the (Corona virus) Covid 19

GROUND FOUR: Ineffective assistance of counsel and prosectorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Singleton only has one conviction eligible for sentencing, But the state used two which is illegal. to argue that this issue should have been brought up during sentencing or his Appeal backs petitioner Claim of ineffective assistance of counsel and prosectorial Misconduct. the Petitioner only has one prior that can be used under the law.

(b) If you did not exhaust your state remedies on Ground Four, explain why: I sent in a Motion to the court to Adject to strike Andres brief and asked for a conflict Free Counsel. My trail Attorney and Direct Appeal Attorney walked out of Same office by the time I got a answer on the Motion. My time ran out

(c)   Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: My time ran out

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For reconsideration Post Conviction relief

Name and location of the court where the motion or petition was filed: *Clerk of the Superior Court Maricopa County 111 w. Terreson Phx Az 85003*

Docket or case number (if you know): *CZ 2018-001983-001*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☒ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *Petition For Review*

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Five

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner was charged with Possesion of dangerous drugs. upon the officers searching the blue bag. The officer came accross a glass Pipe, residue inside of it. See Exibit.(B). The Forensic Scientist Tanise Swyers Scraped the residue, out the glass pipe. on grass and placed it in a Clear Bag. The Pipe was taking alone when I get arrested therefore the Petitioner Shaurich: + have been charged with Posse. sion of dangerous drugs. the Court erroled.

(b) If you did not exhaust your state remedies on Ground Five, explain why: I sent in a Motion to the Court to Reject to Strike Andres brief and asked For a Consiut Free Counsel, My trail and Direct Appeal attorney worked out of same office.

(c) **Direct Appeal of Ground Two:** Five

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel and prosecterial Minconduct

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition For Post-Conviction relief

Name and location of the court where the motion or petition was filed: Clerk of the Superior Court, Maricopa County 201 W. Jefferson Phx, AZ 85003

Docket or case number (if you know): CL 7018-001983-001

Date of the court's decision: *Denied*

Result (attach a copy of the court's opinion or order, if available):

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*This is an Egress Error that his trial as well as his Direct Appeal Attorney should have addressed as a Colorable Claim.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**▬▬▬▬▬▬▬▬▬:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: *Andrew Sellicksup (Advisory counsel)*
*Pro Per*

(c) At trial: *Andrew Schicksup*
*670 W Jackson Street Suite 4015 Phx AZ 85003*

(d) At sentencing: *Andrew Schicksup*
*610 W Jackson Street Su.Le 4015 Phx AZ 85003*

(e) On appeal: *Mark E Dwyex*
*670 W. Jackson Street Suite 4015 Phx AZ 85003*

(f) In any post-conviction proceeding: *Kyle breen*

(g) On appeal from any ruling against you in a post-conviction proceeding:

*Pro-Per Cody A. Singleton*
*P.O Box 8909 San Luis AZ 85349*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

- (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) .    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    *Petitioner Would like the 3.75 and 10 year sentence overturned and release from custody*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    *6 - 16 - 21*    (month, date, year).

Executed (signed) on    *6 -16 - 21*    (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# EXHIBIT

## (("A"))

| Incident Number 201600002264347 | | CFS Incident # 201602264347 |
|---|---|---|
| Report Type Incident Supplement | | Page 1 of 2 |
| Date / Time Occurred 12/09/2016 09:23 to 12/09/2016 09:26 | | Date / Time Reported 12/09/2016 09:26 |

| Arrested Suspects | Additional Suspects | Unknown Suspects | Victims | Other Persons | Vehicles | Items | Evidence Count | Leoka Count | Related Report # |
|---|---|---|---|---|---|---|---|---|---|

| Arson Related | Arson Code | | Damage Value | | Bias Crime | Gang Involved | Domestic Violence |
|---|---|---|---|---|---|---|---|

**Incident Details**

| Squad 71B | Clearance Disposition | | Cleared by Exception | Exceptional Clearance Date |
|---|---|---|---|---|

| Situation Found | | Status OPEN | |
|---|---|---|---|

| Location Given By Dispatcher 3210 E THOMAS RD | Cargo Theft NO |
|---|---|

**Incident Address**

| Street Address 3210 E THOMAS RD | | | |
|---|---|---|---|
| City PHOENIX | State ARIZONA | Zip 85018 | Country Code UNITED STATES OF AMERICA (USA) |

**Administrative Info**

| Reporting Officer WEIGLER JR. ROBERT | Serial # 06314 |
|---|---|

**Narrative Information**

SEE RELATED CRIMINAL DAMAGE REPORT IR #201600002264218 INVOLVING SUSPECT CORY SINGLETON THAT OCCURRED APPROXIMATELY 20 OR SO MINUTES PRIOR TO THIS AGGRAVATED ASSAULT REPORT/INVESTIGATION INVOLVING SAME SUSPECT CORY SINGLETON.

OFFICER'S INVOLVED:
OFFICER MCNEAL #7457, OFFICER PECKINS #8111 AND ME.

ON 120916 AT APPROXIMATELY 0925 HOURS, OFFICER MCNEAL #7457 AND I RESPONDED TO AN EMERGENCY HOT CALL OF AN UNKNOWN TROUBLE/SUBJECT WITH A KNIFE CALL AT THE SHELL GAS STATION AT 3210 E THOMAS ROAD. WE WERE DRIVING WESTBOUND ON PINCHOT WHEN DISPATCH ADVISED US OF THE SUSPECT DESCRIPTION BEING A BALD B/M, WEARING GLASSES AND A DARK BLUE JACKET AND WAS CHASING THE VICTIM WITH A KNIFE AND NOW IS FLEEING EASTBOUND ON PINCHOT.

AS WE WERE DRIVING WESTBOUND WE OBSERVED SUSPECT CORY SINGLETON, B/M, DOB 091770, WHO WE HAD JUST HAD CONTACT WITH ABOUT 15-20 MINUTES PRIOR REGARDING A CRIMINAL DAMAGE CALL AT 2922 N. 35TH STREET (IR #201600002264218). SUSPECT CORY WAS OBSERVED THROWING OBJECTS AT A WINDOW, CAUSING DAMAGE TO THE WINDOW. DUE TO THE VICTIM OF THE CRIMINAL DAMAGE NOT DESIRING PROSECUTION, CORY WAS FREE TO LEAVE.

OFFICER MCNEAL AND I STOPPED AND CONTACTED CORY, DETAINED AND HANDCUFFED HIM BEHIND HIS BACK FOR OFFICER SAFETY. CORY WAS ASKED WHERE HIS KNIFE WAS AND HE SAID IT WAS IN HIS BLUE BAG. WHEN I HAD STOPPED CORY EARLIER, I PATTED HIM DOWN FOR WEAPONS AND FOUND A SILVER FOLDING KNIFE IN HIS RIGHT FRONT POCKET AND PLACED THE KNIFE IN THE BLUE BAG.

CORY IMMEDIATELY BEGAN TO TELL US THAT THE OTHER GUY HAD A KNIFE SO HE PULLED HIS KNIFE OUT BECAUSE HE FELT JUSTIFIED. WHILE WE WERE OUT WITH CORY, OFFICER PECKINS #8111 CONTACTED W/M VICTIM BRIAN CARROLL, DOB 110255, WHO DESIRED PROSECUTION. WE PLACED CORY IN THE BACK SEAT OF MY VEHICLE AND DROVE TO THE SHELL STATION AT 3210 E. THOMAS ROAD FOR FURTHER INVESTIGATION. WHEN WE ARRIVED AT THE SHELL GAS STATION, OFFICER MCNEAL CONTACTED THE MANAGER AT THE SHELL GAS STATION TO INTERVIEW HIM AND TO VIEW SURVEILLANCE VIDEO.

WHILE I WAS BEGINNING THE BOOKING PROCESS I WAS STANDING NEXT TO OFFICER MCNEAL WHO SEARCHED CORY'S BLUE BAG INCIDENT TO ARREST AND FOUND A GLASS PIPE WITH A LARGE SUBSTANCE BELIEVED TO BE METHAMPHETAMINE. HE ASKED CORY WHAT TYPE OF DRUGS HE USES WITH THE PIPE AND CORY TOLD HIM THAT HE SMOKES METHAMPHETAMINE. OFFICER MCNEAL ALSO FOUND A KNIFE THAT IS DESCRIBED AS HAVING A BRASS KNUCKLE STYLE WITH A KNIFE EDGE AS HAVING A ROUNDED SHAPE. I MEASURED THE KNIFE AND FOUND THAT FROM TIP TO TIP THE KNIFE WAS 8 INCHES, HOWEVER, MEASURING THE ROUNDED (SHARP EDGE) SHAPE OF THE KNIFE SHOWED IT WAS 10 INCHES.

0020

ExHibit

B



PHOENIX POLICE DEPARTMENT (0723)
Incident Report

| Incident Number 201600002264347 | | CFS Incident # 201602264347 |
| --- | --- | --- |
| Report Type Incident Supplement | | Page 4 of 5 |
| Date / Time Occurred 12/09/2016 09:23 to | | Date / Time Reported 12/09/2016 09:23 |

| Value Per Unit | Total Value | Registration Number | Registration State | Year |
| --- | --- | --- | --- | --- |
| | | | | |

NCIC Type

NCIC Code                                                                    NCIC Number

Comment
BLUE BAG CONTAINING SUSPECT CLOTHING, MISC PAPERS, JACKET, CREDIT CARD

| Impounded Site MOUNTAIN VIEW PRECINCT | Impounded By MCNEAL,CHRISTOPHER |
| --- | --- |

Summary
BLUE BAG CONTAINING SUSPECT CLOTHING, MISC PAPERS, JACKET, CREDIT CARD

| DRUG | Drug Type AMPHETAMINES/METHAMPHETAMINES | Action RECOVERED | Quantity 1 | Units of Measurement | Estimated Street Value 0 |
| --- | --- | --- | --- | --- | --- |

Date Recovered

| Marijuana (For Drug Type E=Marijuana and Measurement NP = No. of Plants) | | |
| --- | --- | --- |
| Location | Number of Plots | |

Comment
GLASS PIPE CONTAINING A USEABLE AMOUNT OF SUSPECTED METHAMPHETAMINE

Narrative Information

ON 12/09/2016 AT 0926 HOURS I RESPONDED TO AN EMERGENCY RADIO CALL OF A SUBJECT WITH A KNIFE CALL AT THE SHELL GAS STATION AT 3210 E THOMAS ROAD. I WAS DRIVING WEST BOUND ON PINCHOT APPROACHING 32 STREET WHEN THE CALL SAID THE BLACK MALE SUSPECT WITH GLASSES AND A BLACK JACKET WAS FLEEING EAST BOUND ON PINCHOT. JUST AS THE BROADCAST WENT OUT I DROVE PAST HE SUSPECT WHO I KNEW AS CORY SINGLETON. FIFTEEN MINUTES PRIOR TO THIS CALL I WAS ON ANOTHER CALL OF CORY THROWING A ROCK THROUGH SOMEONE'S WINDOW. CORY WAS NOT ARRESTED FOR THAT INCIDENT BECAUSE THE VICTIM DID NOT WANT TO PROSECUTE.

WHEN I STOPPED WITH CORY OFFICER WEIGLER #6314 WAS THERE WITH ME IN A SEPARATE PATROL CAR. OFFICER WEIGLER AND I CONTACTED CORY AND DETAINED HIM PLACING HIM IN HANDCUFFS FOR THIS INVESTIGATION AND FOR OUR SAFETY BECAUSE OF THE NATURE OF THE CALL. ASKED CORY WHERE HIS KNIFE WAS AND HE SAID IT WAS IN HIS BLUE BAG. I KNEW CORY HAD A KNIFE ON HIM FROM THE PREVIOUS CALL, IT WAS A SMALL SILVER FOLDING KNIFE WHICH I COULD SEE IN HIS UNZIPPED BAG. CORY IMMEDIATELY SAID THE OTHER GUY HAD A KNIFE SO HE PULLED HIS KNIFE OUT. WHILE WE WERE MAKING THIS CONTACT OFFICER PECKINS #6314 MADE CONTACT WITH THE VICTIM, BRIAN CARROLL. FOR INFORMATION ON BRIAN'S INTERVIEW, REFER TO THE ORIGINAL REPORT AUTHORED BY OFFICER PECKINS.

THE VICTIM MENTIONED THE MANAGER AT THE SHELL GAS STATION SAW WHAT HAPPENED SO I WENT TO THAT LOCATION AND CONTACTED RYAN SHOATE. RYAN SAID THE FIRST GUY, BRIAN, CAME IN THE STORE SAYING SOMEONE WAS CHASING HIM WITH A KNIFE AND WHEN BRIAN LOOKED OUT THE WINDOW HE SAW THE SUSPECT, CORY, WALKING UP TO THE STORE WITH A SMALL KNIFE IN HIS HAND. CORY WAS YELLING SOMETHING IN THE STORE AND HAD HIS HANDS IN AIR AT ONE POINT. AS CORY WALKED BY RYAN SAID CORY PUT BOTH HANDS IN FRONT OF HIM AND MADE THE MOTION LIKE HE WAS COLLAPSING THE KNIFE BUT COULD NOT SEE THE KNIFE AT THIS POINT. I REVIEWED THE VIDEO FROM THE STORE WHICH WAS ALSO IMPOUNDED AS EVIDENCE AND THE VIDEO IS GRAINY SO ITS UNCERTAIN IF THERE IS ANYTHING IN THE SUSPECTS HAND AS HE WALKS BY THE FRONT OF THE STORE AND AT THE END OF THE VIDEO I SAW THE MOTION THE CLERK WAS REFERRING TO WHERE HE BROUGHT HIS HANDS IN FRONT OF HIM TO POSSIBLY COLLAPSE THE KNIFE.

I SEARCHED CORY'S BLUE BAG INCIDENT TO ARREST AND LOCATED A GLASS PIPE WTIH A RESIDUE CLUMP IN THE BULB PORTION. CORY WAS ASKED WHAT DRUG HE USES WITH THE PIPE AND CORY SAID HE SMOKES METHAMPHETAMINE. THIS PIPE WILL BE SUBMITTED TO THE CRIME LAB TO TEST FOR A USEABLE AMOUNT OF METHAMPHETAMINE.

I ALSO LOCATED A KNIFE WHICH WAS HALF MOON SHAPED WITH THE HANDLES BEING BRASS KNUCKLES IN NATURE WITH FOUR FINGER HOLES. THE BLADE WAS CURVED AND HAD A SMALLER LOWER SECTION AND A LARGER BLADE ON TOP. DIGITAL PHOTOS WERE TAKEN WITH THIS KNIFE NEXT TO A TAPE MEASURE TO SEE THE



ExHibit

C

1    A.  -- in the -- in the blue bag --

2    Q.  So what was the Defendant's answer to your

3 question about where the knife was?

4    A.  I believe he told me it's in the blue bag.

5    Q.  Okay.  And where was the blue bag in relation to

6 the Defendant?

7    A.  He was carrying it when he was contacted, and

8 then we just had him set it down on the sidewalk.

9    Q.  Okay.  So within a few feet of him -- of him?

10    A.  Right.

11    Q.  All right.  And what was the purpose of you

12 asking him where the knife was?

13    A.  Because I knew he had a knife on him from the

14 previous contact.

15    Q.  Okay.  Is that a safety concern for officers when

16 you're dealing with civilians?

17    A.  It is.

18    Q.  Okay.  And when you saw the -- what kind of knife

19 was it -- let me start there -- that you saw in the

20 backpack?

21    A.  It was a folding knife he had, and he had another

22 larger knife.

23    Q.  Okay.  But you specifically saw the small folding

24 knife in the backpack?

25    A.  I did.

Exibit

D

1       No. 1, you can get up and make a statement and

2   the State can then cross-examine if you wish to do so.

3       If you want do that through question and answer,

4   and you, as advisory counsel asking are those questions, I

5   will let you do that in that circumstance.  This is a

6   little bit of an unusual circumstances.

7       But I'll let you talk with the State and you can

8   see where you guys stand in terms of if he chooses to

9   testify.

10      I do know that I have a 609 pending out there.

11  But I'm not going to decide that until he decides to

12  testify, or if doesn't, because I think he's a Category 3

13  offender.  So the State is alleging that he has multiple

14  felony convictions.

15      MS. DERANGO:  He has multiple convictions,

16  Your Honor.  Only one would be eligible for sentencing.

17      THE COURT:  Okay.

18      MR. SCHLICKSUP:  That's it, Your Honor.

19      THE COURT:  All right.  We'll see you Wednesday

20  morning at 10:15.

21      MR. SCHLICKSUP:  Thank you, Your Honor.

22      (WHEREUPON, the proceedings were concluded at

23  11:11 a.m.)

24                  * * * * * * *

25

Exibit 1