# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Andre Singleton,<br>　　　　Petitioner,<br>v.<br>Attorney General of the State of Arizona,<br>　　　　Respondent. | No. CV-21-01075-PHX-DLR (CDB)<br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 13) regarding Petitioner Cory Andre Singleton's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1.) The R&R recommends that the petition be denied. The R&R based this recommendation on its findings that Petitioner's claims for relief are procedurally defaulted because he failed to exhaust his federal habeas claims in state court. The R&R found that Petitioner did not fairly present his claims to the Arizona Court of Appeals in a procedurally correct manner and the Arizona rules bar him from returning to state court to fix his exhaustion defect. The R&R further found that Petitioner failed to show cause for, or prejudice arising from his procedural default of his federal claims and did not present evidence establishing a claim of factual innocence.

　　　　The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc.

13 at 9-10.) Petitioner filed his "Reply to the Report and Recommendation to Adject [*sic*]" on December 13, 2021 (Doc. 14), and Respondents filed their "Response to Objection to Report and Recommendation and Motion for Stay" on December 22, 2021 (Doc. 15). The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Petitioner makes one broad, vague objection. He asserts that "[t]he trial proceeding was in such violation of constitutional magnitude that violated Petitioner's Fourteenth Amendment right to due process." (Doc. 14 at 1.) Petitioner's objection does not address any of the findings or recommendations found in the R&R. Because Petitioner has not stated a specific objection as required by Rule 72(b)(2), it is overruled. The district court need not review objections to an R&R that are general and non-specific. *See, e.g., Warling v. Ryan*, No. CV 12–01396–PHX–DGC (SPL), 2013 WL 5276367, *2 (D. Ariz. Sept. 19, 2013).

Petitioner's objection also contains a request for a stay of his federal habeas proceedings to afford him the time and opportunity to exhaust his claims in state court. However, such a stay would be futile. The R&R correctly found that under Arizona's procedural rules "any attempt to properly exhaust his federal claims by returning to state courts would be futile, as the claims are barred by Arizona's procedural rules regarding timeliness, waiver and preclusion." (Doc. 13 at 7-8.)

**IT IS ORDERED** as follows:

1. Petitioner's Objection to the R&R (Doc. 14) is **OVERRULED**.
2. The R&R (Doc.13) is **ACCEPTED**.
3. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.
4. A Certificate of Appealability is **DENIED** because the denial of Petitioner's habeas petition is on procedural grounds and jurists of reason would not find the denial debatable or wrong.
5. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's

Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 13th day of January, 2022.

Douglas L. Rayes
United States District Judge